OPINION
{¶ 1} Appellant, Joseph Canestraro, appeals from his conviction for attempted possession of cocaine and possession of criminal tools. The facts underlying his *Page 2 
conviction are set out in the appellant's brief and are as follows:
 {¶ 2} On February 26, 2007, undercover Dayton police officers David House and Sharon Emerson observed Canestraro drive his GC Jimmy into the BP gas station on West Third Street and Gettysburg Avenue. Canestraro stopped at a gas pump, but did not exit his car for over a minute. A blue minivan pulled in behind the Jimmy, but the minivan was not in front of a gas pump. There was contact between the occupants of the Jimmy and minivan. The minivan then left the gas station. Detective House thought an occupant of the minivan saw the officers and decided to leave. The officers that may have been spotted left shortly thereafter, but Detective Grey Geiger was watching the situation from across the street.
 {¶ 3} Canestraro pumped some gas in the Jimmy, removed the gas pump, placed the gas pump on the ground, and pulled the Jimmy forward. The officers overheard Canestraro speaking on a cell phone saying, "I got it for you right here come on." The minivan returned to the gas station and stopped at the gas pump placed on the ground by Canestraro and Canestraro began pumping gas into the minivan.
 {¶ 4} The undercover officers approached the minivan while Canestraro was pumping the gas. Detective House directed the driver of the minivan to show his hands. The minivan driver, Thomas Harrison, failed to show his hands during the first two demands, and he was moving around in the minivan. Detective House opened the minivan driver's door, for his safety. Upon opening the door, House observed crack in the door of the minivan. More crack was located in the minivan during an inventory search. *Page 3 
 {¶ 5} Harrison was read his Miranda rights and eventually stated he planned to exchange crack for gas. Canestraro was read his Miranda rights. Although he originally denied any involvement in a drug exchange, he later voluntarily stated he was pumping $10 worth of gas for crack. Officers did not locate any drugs on Canestraro or in his car.
 {¶ 6} Canestraro moved to suppress the crack recovered from the minivan and the statement given by him as a result of his arrest. At the hearing, Detective House testified concerning the events surrounding Canestraro's and Harrison's arrest. House testified that drug activity occurs extensively in parking lots and gas stations in that area, and that's why he and the other officers were conducting surveillance at that location. House testified that he became suspicious of the occupant of the GMC Jimmy because they did nothing for over a minute after stopping at the gas pump. House said it was also odd that the minivan originally pulled up behind appellant's GMC Jimmy, but not next to the many open pumps available. House said the minivan pulled out after the driver became suspicious of their presence and did not return until they pulled away from the station. Lastly, House said it was unusual that appellant placed the gas pump on the ground rather than return it to the pump. House testified that the conduct of all the suspects was consistent with appellant providing "gas for drugs," a common form of a drug transaction.
 {¶ 7} Appellant's counsel states that he can find no arguable merit to the appeal, other than a claim that the police did not have articulable suspicion to stop and detain appellant prior to discovering the cocaine in the vehicle. Counsel, however, believes such a claim has little merit. *Page 4 
 {¶ 8} We agree that appellant's conduct provided the police with articulable suspicion that they were witnessing a "gas for drugs" transaction, and their action in stopping the appellant and searching the minivan was reasonable under all the circumstances. We agree with appointed counsel that there is no arguable merit to the appeal. The appeal is wholly frivolous. The sentence imposed of community control was reasonable. Canestraro was informed of his counsel's findings and was given an opportunity to file his own brief. He has not done so. The judgment of the trial court is Affirmed.
 WOLFF, P.J., and DONOVAN, J., concur. *Page 1